UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

IN RE: MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA

MISCELLANEOUS ACTION NO.
____

## MOVANT SYNCREON TECHNOLOGY (USA), LLC'S EMERGENCY MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO TRANSNATIONAL STAFFING

syncreon Technology (USA), LLC ("syncreon" or "Movant"), pursuant to Federal Rule of Civil Procedure 45(g), hereby moves for the entry of an Order compelling the production of documents and/or information to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, issued to Transnational Staffing, dated June 27, 2024 ("Subpoena"). In support, Movant states as follows:

### FACTUAL BACKGROUND

1. This motion is made in connection with a class action wage and hour lawsuit brought by Named Plaintiff Ricardo Ayala against syncreon currently pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:23-cv-04561 (the "*Ayala* Lawsuit"). The Parties have reached a settlement of the *Ayala* Lawsuit and, on June 21, 2024, the United States District Court for the Eastern District of Pennsylvania entered an Order preliminarily

approving the settlement. A copy of the Court's Order preliminarily approving the settlement is attached hereto as **Exhibit A**.

2. Pursuant to the terms of the Settlement Agreement and the Court's Order, syncreon is required to provide contact information for all workers who worked more than forty (40) hours for at least one workweek at one of three syncreon Pennsylvania facilities during the relevant dates to the settlement administrator so that the settlement administrator may timely issue Notice Forms to the class members and any settlement checks to any class member who does not exclude themself from the settlement.

3. Many of the class members who worked at the syncreon sites were temporary workers employed by staffing agencies (the "Temps"). syncreon is not in possession of any contact information for any Temps. Pursuant to the Court's June 21, 2024 Order syncreon has requested information on the Temps who worked through various staffing agencies.

4. syncreon issued correspondence to Transnational dated June 24, 2024, requesting contact information for twelve (12) individuals who were Temps for Transnational. syncreon's correspondence is attached as **Exhibit B.**

5. In response to syncreon's request, Transnational Staffing stated that it would provide the contact information for the twelve Transnational Temps but only after syncreon paid its approximate costs for nine (9) hours of information gathering

2

at the rate of $95/hour. syncreon has contacted eleven (11) other staffing agencies with similar requests, and the agencies have provided the requested information without requiring a subpoena or imposing costs on syncreon.

6. Shortly thereafter, one of Transnational's owners spoke with a representative for syncreon and stated that they would provide the requested contact information in response to a subpoena. In line with Transnational's representation, syncreon prepared a subpoena directed to Transnational Staffing's registered agent for service, Dominic Hamden, at his office at 18 West Main Street, Milan, Michigan and noticed all parties of its intent to serve the subpoena. The subpoena is attached as **Exhibit C**.

7. The subpoena was properly served at Mr. Milan's law office on July 1, 2024. The Proof of Service is attached as **Exhibit D**.

8. In the Subpoena, Movant requested that responses be provided by July 5, 2024.

9. On July 1, 2024, counsel for Transnational, despite Transnational's previous representations, issued the attached objections to Transnational's subpoena. Transnational's Objections are attached as **Exhibit E**. Transnational's principal objections to the subpoena is that syncreon did not allow sufficient time for Transnational to respond to the subpoena and that syncreon should have to pay Transnational's costs associated with responding to the subpoena.

10. Since Transnational's counsel issued his objections, counsel for syncreon in the Philadelphia District Court case informed him that his client's representative stated that Transnational would in fact provide the information in response to the subpoena at no cost which is precisely why Transnational issued the subpoena. Counsel for syncreon in the Philadelphia District Court case has followed up with opposing counsel numerous times to see if his position has changed to no avail. See e-mail correspondence with opposing attached as **Exhibit F.** It has now been well over a month since syncreon issued the original subpoena.

11. Movant requires the requested information to comply with the Court Order issued by the Pennsylvania District Court and to enable payment to the class members employed through Transnational Staffing.

12. Based on the foregoing, Movant has been, and continues to be, obstructed in its right to obtain a subpoena response from Transnational Staffing because of Transnational Staffing's refusal or failure to comply with its obligations under the Subpoena.

13. Accordingly, and for the reasons set out in the accompanying memorandum in support of this motion, Movant respectfully requests that the Court issue an Order compelling Transnational Staffing to respond to the subpoena; to produce the requested information on or before August 7, 2024; and to pay Movant's

attorneys' fees incurred for the filing of this Motion. (Proposed Order is attached as **Exhibit G**)

Philadelphia Counsel for syncreon Technology (USA), LLC sought concurrence in the relief requested from Transnational's counsel on July 1 and 10, 2024 but such concurrence was not forthcoming, thereby necessitating the filing of this Motion.

Respectfully submitted this 1st day of August, 2024

                                                Respectfully submitted,
                                                JACKSON LEWIS P.C.

                                                By: */s/ Marlo Johnson Roebuck*
                                                Marlo Johnson Roebuck (P65640)
                                                Attorney for Defendant
                                                2000 Town Center, Ste. 1650
                                                Southfield, MI 48075
                                                (248) 936-1900
Dated: August 1, 2024                         marlo.roebuck@jacksonlewis.com

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA | MISCELLANEOUS ACTION NO. ____ |

## MOVANT SYNCREON TECHNOLOGY (USA), LLC'S BRIEF IN SUPPORT OF EMERGENCY MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO TRANSNATIONAL STAFFING

syncreon Technology (USA) LLC ("syncreon" or "Movant"), through the undersigned counsel, hereby moves the Court for an Order compelling Transnational Staffing to comply with the subpoena to produce documents issued by syncreon.

## I. BACKGROUND

This motion is made in connection with a class action wage and hour lawsuit brought by Named Plaintiff Ricardo Ayala against syncreon currently pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:23-cv-04561 (the "*Ayala* Lawsuit"). The Parties have reached a settlement of the *Ayala* Lawsuit and, on June 21, 2024, the United States District Court for the Eastern District of Pennsylvania entered an Order preliminarily approving the settlement. *See* **Exhibit A**.

Pursuant to the terms of the Settlement Agreement and the Court's Order, syncreon is required to provide contact information for all workers who worked more than forty (40) hours for at least one workweek at one of three syncreon Pennsylvania facilities during the relevant dates to the settlement administrator so that the settlement administrator may timely issue Notice Forms to the class members and any settlement checks to any class member who does not exclude themself from the settlement.

Many of the class members who worked at the syncreon sites were temporary workers employed by staffing agencies (the "Temps").    syncreon is not in possession of <u>any</u> contact information for any Temps.  Pursuant to the Court's June 21, 2024 Order syncreon has requested information on the Temps who worked through various staffing agencies.  syncreon issued correspondence to Transnational dated June 24, 2024, requesting contact information for twelve (12) individuals who were Temps for Transnational.  *See* **Exhibit B.**

In response to syncreon's request, Transnational Staffing stated that it would provide the contact information for the <u>twelve Transnational Temps</u> but only after syncreon paid its approximate costs for nine (9) hours of information gathering at the rate of $95/hour.  syncreon has contacted eleven (11) other staffing agencies with similar requests, and all other staffing agencies that syncreon has been able to get in contact with have complied with the requests and provided the information without

7

requiring a subpoena. Shortly thereafter, one of Transnational's owners spoke with a representative for syncreon and stated that they would provide the requested contact information in response to a subpoena.

In line with Transnational's representation, syncreon prepared a subpoena directed to Transnational Staffing's registered agent for service, Dominic Hamden, at his office at 18 West Main Street, Milan, Michigan and noticed all parties of its intent to serve the subpoena. *See* **Exhibit C**. The subpoena was properly served at Mr. Milan's law office on July 1, 2024. *See* **Exhibit D**. In the Subpoena, Movant requested that responses be provided by July 5, 2024.

On July 1, 2024, counsel for Transnational, despite Transnational's previous representations, issued the attached objections to Transnational's subpoena. *See* **Exhibit D**. Since Transnational's counsel issued his objections, counsel for syncreon in the Philadelphia District Court case informed him that his client stated that Transnational would in fact provide the information in response to the subpoena which is precisely why Transnational issued the subpoena. Counsel for syncreon in the Philadelphia District Court case has followed up with opposing counsel numerous times to see if his position has changed to no avail. *See* **Exhibit E.**

## II. LEGAL ANALYSIS

Pursuant to Federal Rule of Civil Procedure 45(a)(1), a party to a civil action may issue a subpoena to a non-party, requiring the non-party to permit inspection or

copying of documents, electronically stored information, or tangible things. To avoid any undue burden or expense, a non-party served with a subpoena need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial. *See* Fed. R. Civ. P. 45(d)(2)(A). A non-party that does not make a timely objection to a subpoena must produce the requested documents by the deadline set forth in the subpoena. *See* Fed. R. Civ. P. 45(e)(1). Otherwise, the Court may hold the non-party in contempt for failure, without adequate excuse, to obey the subpoena. *See* Fed. R. Civ. P. 45(g).

    Here, the information requested of Transnational is crucial to a settlement entered into between syncreon and Named Plaintiff Ricardo Ayala and crucial to syncreon's obligation to comply with the Court Order in relation to the settlement. Transnational's objections to the subpoena are meritless, and Transnational's response demanding that syncreon compensate it for time to collect information that is required pursuant to a court order is completely unreasonable. It should take Transnational far less than the nine (9) hours estimated to provide the contact information sought for the twelve individuals Transnational employed, which Transnational is required by law to maintain. Moreover, syncreon has requested information only regarding <u>twelve</u> individuals. As part of this process, syncreon has requested the same information of the other temp agencies that syncreon contracted with, and the other temp agencies have all worked with syncreon to gather this

9

information, without any discussion about imposing additional costs. Most notably, Transnational represented that it would provide this information in response to a subpoena, which is precisely what syncreon did. There is absolutely no basis for Transnational's counsel to continue to refuse to produce this information. The Court should compel Transnational to produce the necessary contact information in response to the properly issued subpoena.

syncreon has attempted to obtain this information from opposing counsel without turning to court intervention, to no avail. syncreon requests that Transnational be ordered to pay its fees and costs associated with the filing of this Motion.

## III. **CONCLUSION**

Here, Transnational Staffing's rationale for not producing this contact information is unfounded and is in direct contradiction to the Order from the Eastern District of Pennsylvania regarding the settlement of the Lawsuit. Therefore, Transnational Staffing should be compelled to produce the requested information on or before August 7, 2024.

WHEREFORE, Movant, syncreon Technology (USA) LLC respectfully requests that this Court enter an Order:

(1) granting this Motion;

(2) compelling the production of the requested information on or before August 7, 2024;

(3) awarding attorney fees and expense in connection with bringing this motion to syncreon Technology (USA) LLC and against Transnational Staffing; and

(4) granting such other relief as the Court deems appropriate and just.

Respectfully submitted this 1st day of August, 2024

Respectfully submitted,
JACKSON LEWIS P.C.

By: */s/ Marlo Johnson Roebuck*
Marlo Johnson Roebuck (P65640)
Attorney for Defendant
2000 Town Center, Ste. 1650
Southfield, MI 48075
(248) 936-1900
marlo.roebuck@jacksonlewis.com

Dated: August 1, 2024

### CERTIFICATE OF SERVICE

On this day August 1, 2024, the undersigned did cause to be filed the foregoing document with the Court using the CM/ECF system, which will send notice of its filing to all counsel of record.

*/s/ Marlo Johnson Roebuck*
Marlo Johnson Roebuck (P65640)
