# Exhibit E

# STATE OF MICHIGAN
## IN THE EASTERN DISTRICT COURT FOR THE STATE OF MICHIGAN

**Ricardo Ayala,**
        **Plaintiff,**

vs.
                                       **Case No. 2:23-cv-04561**
                                       **Honorable Helal A. Farhat**

**Syncreon Technology (USA), LLC,**
        **Defendant**.

vs.

**Transnational Staffing,**
        **Defendant/Deponent.**

**LAW OFFICE OF DOMINIC N. HAMDEN**
**Dominic N. Hamden (P67745)**
**Attorney for Plaintiff**
**18 West Main Street**
**Milan, MI 48160**
**(734) 439-8884**

_____/

## Objection to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

        Now Comes the Defendant/Deponent, Transnational Staffing, by and through its attorney, Law Office of Dominic N. Hamden, PLLC for its Objection to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, and hereby states as follows:

1. Defendant/Deponent, (hereinafter referenced as "Transnational") is not a party to this action, which is pending in the Eastern District Court of Pennsylvania;

2. This is a third-party subpoena that was issued to Transnational pursuant to FRCP 45.

3. Plaintiff is seeking employment record information related to a number of Transnational's employees.  (Exhibit A).

EXHIBIT

E

4.  While Plaintiff is seeking information related to twelve employees, Transnational Staffing believes there may be approximately thirty (30) relevant employees.

5.  Prior to issuing the subpoena, the Plaintiff emailed Transnational requesting the information.

6.  Transnational informed, through its counsel, that it would take approximately 9 hours to search for and obtain the necessary information.

7.  Rather than contact Transnational about the requested compensation for its search for the records, Plaintiff issued the subpoena dated June 27, 2024.

8.  Said subpoena further requested production of the records on July 5, 2024 – the day following the celebration of our nation's independence.

9.  Transnational now objects to the subpoena for the following reasons:

    A.  FRCP 45 (d)(1) provides as follows:

        (d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.
        (1) *Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.* The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
        (emphasis added).

    B.  FRCP 45 (d)(2)(b) provides as follows
        (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order *must protect a person who is neither a party nor a party's officer from significant expense* resulting from compliance.

(emphasis added).

C. Transnational counsel is on vacation from June 29, 2024 through July 8 2024 and lacks sufficient time to coordinate a response to the requested records. Further, Transnational's actual staff is on vacation during the same period. Therefore, they lack the ability to provide appropriate responses by the timeframe enumerated.

D. The Defendant in this matter is in violation of FRCP 45 (d)(1) as it is requesting the information in one week and the day after a national holiday. Defendant failed to take *reasonable steps* to avoid imposing an undue hardship on the deponent. While not dispositive, Deponent also notes that its representative as well as its attorney are on vacation during the week of July 1, 2024 and appropriately lacks the ability to timely respond.

E. Further, Defendant in this matter is in violation of FRCP 45 (d)(1) as the request is likely to cause an expense on Transnational. The deponent maintains paper records on this matter and it will be required to search its records in order to retrieve the information. The Defendant was made aware of this and appears to be issuing the subpoena with a goal to subvert Transnational's request to be compensated for its costs and time.

F. Furthermore, because of the Defendant's conduct, Transnational has now been required to retain counsel in order to object to this subpoena so as to

avoid the contempt power of the court for violating said subpoena. Pursuant to FRCP 45 (d)(1), the District Court for the Eastern District Court of Michigan has authority to enforce the duty on the Defendant to not impose undue burden and expense. The authority includes the ability to award attorney's fees for Transnational having to file a timely objection to the subpoena. Transnational now requests attorney's fees for having to file this objection.

10. Further Deponent notes that it is entitled to compensation under 28 USC § 1821. Specifically, Deponent is entitled to mileage, a daily cost, and appropriate allowances.

Wherefore, the Deponent hereby requests the following relief:

A. An additional 21 days to respond to the subpoena;

B. Deponent's costs and fees for having to research for the information requested at the rate of $95/hour;

C. Daily Cost, allowances, and mileage under 28 USC 1821;

D. Reasonable attorney's fees for having to object to the subpoena that was issued in this matter; and

E. Whatever other relief this Honorable Court deems equitable and just.

Dated: July 1, 2024

/s/ Dominic N. Hamden
Dominic N. Hamden (P67745)
Attorney for Deponent
18 West Main St.
Milan, MI 48160
(734) 439-8884
dominic@hamdenlaw.com

**EXHIBIT A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania ▢ ▾

| | |
|---|---|
| Ricardo Ayala | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:23-cv-04561 |
| syncreon Technology (USA) LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Transnational Staffing
c/o its Resident Agent Dominic Hamden
18 West Main Street, Milan, MI 48160

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The full name, social security number, last known mailing address, last known telephone number (if any) and last known email address (if any) of the individuals listed on Attachment "A."

| Place: Jackson Lewis P.C.<br>2000 Town Center, Suite 1650<br>Southfield, MI 48075 | Date and Time:<br><br>07/05/2024  at 1:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/27/2024

*CLERK OF COURT*

OR

_____        s/ Stephanie J. Peet
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
syncreon Technology (USA) LLC _____, who issues or requests this subpoena, are:
Margaret Zazulak, margaret.zazulak@jacksonlewis.com, (504) 208-1755
Jackson Lewis P.C., 601 Poydras Street, Suite 1400, New Orleans, LA 70124

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-04561

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
       (i) is a party or a party's officer; or
       (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       (i) fails to allow a reasonable time to comply;
       (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
       (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       (i) disclosing a trade secret or other confidential research, development, or commercial information; or

       (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       (i) expressly make the claim; and
       (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A"

| Name | Agency |
| --- | --- |
| Autry, Andrew | Transnational |
| Bellinger, Dylan | Transnational |
| Danfora, Wendy | Transnational |
| Grace, Alex | Transnational |
| Hawkins, William | Transnational |
| James, Dustin | Transnational |
| Markel, Brian | Transnational |
| Ortiz, Josh | Transnational |
| Pegram, Stephen | Transnational |
| Spino, John | Transnational |
| Stewart, Harold | Transnational |
| Torres, Luis | Transnational |