UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  MOTION TO COMPEL
COMPLIANCE WITH
SUBPOENA

Case No. 2:24-mc-50922
District Judge Denise Page Hood
Magistrate Judge Kimberly G. Altman

_____/

# ORDER GRANTING MOVANT'S MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA

### I. Introduction

This is an action to enforce compliance with a subpoena.  The moving party, syncreon Technology (USA), LLC (syncreon), seeks entry of an order compelling the production of information in a subpoena directed to the responding party, Transnational Staffing (Transnational), in connection with an action pending in the Eastern District of Pennsylvania, as well as attorney fees and costs.  (ECF No. 1). Transnational filed a response, stating in part that it does not object to the subpoena but requests that it be compensated for the time needed to gather the information sought.  (ECF No. 3).  syncreon filed a reply, contending that Transnational is not entitled to compensation for gathering the information and again requesting attorney fees and costs related to enforcing the subpoena.  (ECF No. 6).  The matter has been referred to the undersigned.  (ECF No. 4).

1

On August 22, 2024, the parties appeared for a hearing via Zoom. For the reasons stated at the hearing, syncreon's motion will be GRANTED. Transnational SHALL comply with the subpoena no later than close of business on August 23, 2024. syncreon's request for attorney fees will be DENIED. However, if Transnational fails to comply with this Order, syncreon may file a petition seeking attorney fees and costs.

## II.   Background

As noted above, this motion is made in connection with a class action wage and hour lawsuit brought by Named Plaintiff Ricardo Ayala against syncreon which is currently pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:23-cv-04561 (the "Ayala Lawsuit"). The Parties have reached a settlement in the Ayala Lawsuit and, on June 21, 2024, the United States District Court for the Eastern District of Pennsylvania entered an Order preliminarily approving the settlement.

Under the terms of the Settlement Agreement and the Court's Order, syncreon is required to provide contact information for all workers who worked more than forty (40) hours for at least one workweek at one of three syncreon Pennsylvania facilities during the relevant dates. This information is to be provided to the settlement administrator so the settlement administrator may timely

issue Notice Forms to the class members and settlement checks to any class member who does not exclude themselves from the settlement.

Many of the class members who worked at the syncreon sites were temporary workers employed by staffing agencies like Transnational. syncreon is not in possession of any contact information for those workers. Under the Court's June 21, 2024 Order, syncreon has requested information from several staffing agencies that it worked with, including Transnational.

After some discussion, Transnational agreed to produce the requested contact information for the twelve (12) individuals who were employed by Transnational but requested that it be compensated for gathering the information. syncreon says that it has contacted eleven (11) other staffing agencies with similar requests, and those agencies provided the requested information without requiring a subpoena or imposing costs on syncreon. Transnational then stated that they would provide the requested contact information in response to a subpoena.

Accordingly, syncreon prepared a subpoena directed to Transnational's registered agent for service, which is Transnational's counsel. The subpoena was properly served at counsel's law office on July 1, 2024, with a requested response date of July 5, 2024. On July 1, 2024, counsel for Transnational objected to the subpoena, arguing that syncreon did not allow sufficient time for Transnational to

3

respond, due in part to the Independence Day holiday, and again requesting that syncreon pay Transnational's costs associated with responding.

On August 1, 2024, syncreon filed the instant motion seeking to compel compliance with the subpoena.

### III.   Legal Standard

Under Federal Rule of Civil Procedure 45(a), "a party may serve a subpoena on a non-party . . . commanding that party to 'attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises' at a specified time and place." *Atlantech, Inc. v. Am. Panel Corp.*, No. 11–50076, 2011 WL 2078222, at *2 (E.D. Mich. May 24, 2011); *see also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a non-party may be compelled to produce documents and tangible things or to permit an inspection.").

A court *must* quash a subpoena if it (1) fails to give the party a reasonable time to comply or requires compliance beyond the applicable geographic limits, (2) requires the disclosure of either privileged or other protected matter in the absence of an applicable exception or waiver, or (3) would be unduly burdensome. Fed. R. Civ. P. 45(c)(3)(A); *see also Atlantech, Inc.*, at *2. A court *may* quash or modify a subpoena if it requires the disclosure of (1) "a trade secret or other confidential research, development, or commercial information" or (2) "an unretained expert's

4

opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(c)(3)(B); *see also Atlantech, Inc.*, at *2.

"The party seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted." *Atlantech, Inc.*, at *2. "[T]he party seeking to quash a third-party subpoena must meet a heavy burden of proof." *Proto Gage, Inc. v. Fed. Ins. Co.*, No. 21-12286, 2022 WL 1598621, at *2 (E.D. Mich. May 19, 2022).

## IV. Discussion

Transnational has not provided a valid reason for failing to comply with the subpoena, nor has it provided any authority for the Court to require syncreon to pay Transnational the costs associated with complying.

Accordingly, as stated during the hearing, syncreon's motion to compel compliance with the subpoena issued to Transnational is GRANTED. Transnational SHALL comply with the subpoena no later than close of business on August 23, 2024. syncreon's request for attorney fees and costs is DENIED. However, if Transnational fails to comply with this Order, syncreon may file a petition seeking attorney fees and costs.

SO ORDERED.

Dated: August 22, 2024  s/Kimberly G. Altman  
Detroit, Michigan  KIMBERLY G. ALTMAN

        United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 22, 2024.

        s/Julie Owens
        JULIE OWENS
        Case Manager